LORiNG, J.,
delivered the opinion of the court:
The statement of facts shows that, in 1860, the petitioner, when a citizen of the State of Yew York, resident therein, and not connected with the military or naval service, was convicted of and sentenced for offenses, alleged to have been committed in the State of Hew York, by a military commission convened in Washington.
• By the decision of the Supreme Court, in Ex parte Milligan, (1 Wall. R., 1,) the commission had not jurisdiction of the case they adjudged; and therefore all their proceedings in it were merely void. It follows as a consequence that the United States had no legal title to the property of the petitioner which they received, and that it was appropriated to the fine illegally imposed upon him without right, and that they hold.it now as his property.
The petitioner claims an idemnity for the loss he has sustained, and that this is to be furnished “ by placing him as nearly as practicable in the same situation as if his property had not been taken from him.” And he specifies as the items of his claim the present cash value of the 10-40 bonds and of the 5-20 bonds into which the 7.30 notes were convertible, with interest on all of said securities according to their tenor, and the principal and interest of the certificate of indebtedness, and the amount of currency taken from him, and he alleges that the balance due him, after deducting the amount he has received and interest on that, is $19,350.10.
*272 We think this claim cannot be supported. The United States are not liable for the illegal acts or omissions of their officers; and therefore they are not liable for the taking or sale of petitioner’s property or the consequences of those acts to him. In legal contemplation, the United States have been merely passive in the matter and only received what the illegal action of their officers thrust upon them; and their first connection with the proceeds of the plaintiff’s property was when it was paid into their Treasury. And this made them only the depositary of such proceeds, and, as such, liable to account for them. The measure of damages, therefore, is not the loss the petitioner has sustained, but only the amount of his property which the defendants hold.
The statement of facts shows that the United States received into their Treasury $14,956.25. Of this, $4,956v25 have been paid to the petitioner, and the balance of $10,000 was retained on account of the fine imposed upon him by the sentence of the commission. As this sentence was illegal, it forms no objection to the recovery of the amount retained, but it furnishes no reason for the recovery of more. And it is not shown or suggested that the United States received any profits from this $10,000 while it was 'in their possession, and the petitioner’s loss has benefited the United' States in no way, for when the securities were sold they became debtors, according to their tenor, to the holders of them, instead of to the petitioner.
As the status of the United States was that of a depositary only, this suit is in the nature of an action of indebitatus assump-sit for “ money had and received,” and in such a suit, by the statute, the United States are not liable for interest.
It was contended for the defendants that the money claimed could not be recovered because paid by the petitioner voluntarily and without duress, and oh account of the fine, and that this was shown by his letter of July 28,1872.
But the petitioner did not make any payment. The proceeds of his property came to the Treasury without any act of his, and its officers retained the $10,000. There is nothing in the case to show or suggest that he parted with his property voluntarily, or in payment of the fine; that is not found in the statement of facts; and his property was taken from him before he was sentenced, or the fine imposed ; and his letter only asks for a “ receipt for a payment of the fine of $10,000 imposed” as a voucher *273 for the futureand this, so far from expressing any assent to what had been done, only asks for evidence which was proper to support this proceeding.
Besides, it was a part of his sentence that he should not be released till his fine was paid, and with this provision the release of the ten years’ imprisonment had nothing to do. He was, therefore, by his sentence, under duress till the fine was paid, and its paymént in such way as the officers of the United States who held his property should choose was the only means by which he could or did obtain his liberty.
The statute of limitations was pleaded to an amendment to the petition, but an amendment of a petition made by leave of court is not a distinct suit; and in this case it altered the original petition only in increasing the ad damnum, and the judgment of the court is on the original petition, and within the ad damnum specified in it.
The judgment of the court is that the petitioner recover of the United States the sum of $10,000.