UNITED STATES v. ROTHSTEIN.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1911.)

No. 1,663.

1. Fines (§ 19*)—Voluntary Payment of Fine—Recovery.

Payment of a fine imposed in a criminal case, even if the judgment of conviction was void, is not to be deemed a voluntary contribution to the government, and is not a bar to a suit to recover the money, if otherwise sustainable.

[Ed. Note.—For other cases, see Fines, Cent. Dig. §§ 20–22; Dec. Dig. § 19.*]

2. Judgment (§ 480*)—Collateral Attack.

An order of a District Court, setting aside as void a judgment of conviction in a criminal case rendered at a previous term on the ground of the unconstitutionality of the statute on which it was based, was not without jurisdiction, and cannot be attacked collaterally in an action by the defendant therein against the United States to recover back the fine paid under such canceled judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 916; Dec. Dig. § 480.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District. of Illinois.

Action by Morris Rothstein against the United States. Judgment for plaintiff, and the United States brings error. Affirmed.

In December, 1908, Rothstein was indicted jointly with one Rubin for harboring an alien woman for immoral purposes within three years after her immigration. During the same December term he pleaded nolo contendere, was convicted and fined $200, paid the fine; and the money was transferred to the treasury. On April 5, 1909, the Supreme Court declared the harboring provision of the immigration act unconstitutional. Keller v. United States, 213 U. S. 138, 29 Sup. Ct. 470, 53 L. Ed. 737. .At the July, 1909, term of the District Court the following order was entered under the title of the aforesaid criminal cause: "This day comes the United States, by Edwin W. Sims, its attorney, and come also the defendants, by Benjamin C. Bachrach. their attorney, and this cause coming on to be heard on the motion of said defendants to vacate and set aside all proceedings herein, and for a restitution to said defendants of all the money received from them pursuant to said proceedings, and the court, having heard argument of counsel and after due consideration of said motion, finds that that portion [of the immigration act] upon which the indictment herein was based having been declared unconstitutional by the Supreme Court, said indictment and all proceedings thereunder are a nullity and are entirely void and of no effect whatever. * * * It is therefore ordered, adjudged. and determined by the court that the indictment herein be and the same is hereby dismissed, and that all orders and proceedings herein, including said order of January 4, 1909, wherein said defendants were each fined $200, be and the same are hereby vacated, set aside, and held for naught. It is further ordered, adjudged. and determined by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court that said Rothstein is of right entitled to the restitution of said $200 by him paid as a fine," and that said Rubin is entitled to like restitution.

Restitution not having been made, Rothstein brought the present action against the government, under section 2 of the act of March 3, 1887 (24 Stat. 505, c. 359 [1 U. S. Comp. St. 1901, p. 753]), to enforce his claim. His petition set out the foregoing facts, and was based particularly on the above-recited order of July, 1909. The government's answer admitted that the history of the proceedings was correctly stated, but averred "that said order of July, 1909, was invalid and entirely void by reason of the fact that the term at which the judgments were entered had, prior to July, 1909, expired, and the said District Court was without authority or power to enter an order such as was ordered to be made in said cases vacating said judgment, sentence, and fine," and further alleged that the fines "were paid voluntarily and without protest, and were not paid under duress or threat of any kind."

The District Court found the facts in accordance with the petition, and rendered judgment in Rothstein's favor.

Edwin W. Sims, U. S. Atty., and Harry A. Parkin, for the United States.

Benjamin C. Bachrach, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges, and CARPENTER, District Judge.

BAKER, Circuit Judge (after stating the facts as above). Payment of the fine, even if the judgment of conviction was void, is not to be deemed a voluntary contribution to the government, and therefore is not a bar, if the recovery in other respects is sustainable. Durr v. Howard, 6 Ark. 461; Devlin v. U. S., 12 Ct. Cl. 266; Reinhard v. City of Columbus, 49 Ohio St. 257, 31 N. E. 35.

Contentions for reversal may be summarized thus: The District Court was the organism provided by law and clothed with the duty of hearing the criminal charge against Rothstein. Section 563, Rev. St. (U. S. Comp. St. 1901, p. 455). When the parties appeared, the court had jurisdiction of them and of the subject-matter of the indictment. Even on Rothstein's plea, "I will not contest," the court's duty of administering justice required that the indictment should be dismissed if it was based on an unconstitutional statute, for the matter charged as a crime would be in truth no crime. Therefore the court's retention of the indictment, acceptance of the plea, and judgment of conviction necessarily constituted an adjudication of the statute's validity. That question was as much a part of the subject-matter in the Rothstein as in the Keller Case. Having jurisdiction of the parties and of the subject-matter, the court had lawful power to render a judgment which would be equally binding whether questions of fact or of law were rightly or wrongly decided. An oversight or misconstruction of constitutional law is simply an error of law, for "the Constitution, the statutes, and the common law together make up the law of the land." Van Fleet's Collateral Attack, § 67. Rothstein's conviction, however erroneous, was not void, could not be questioned collaterally, was reviewable only on writ of error, became final in the District Court at the close of the December term, and, except for fraud, could not at a subsequent term be opened for the correction of errors. Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797.

Rothstein's position is this: The conviction was a nullity. "An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Ex parte Siebold, 100 U. S. 373, 25 L. Ed. 717.; Ex parte Yarbrough, 110 U. S. 654, 4 Sup. Ct. 152, 28 L. Ed. 274; Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868. After the expiration of the term at which it is entered, a void judgment may lawfully be canceled on motion and notice. Ex parte Crenshaw, 15 Pet. 119, 10 L. Ed. 682.

If Rothstein's contention as to the law determinative of the validity of the order of July, 1909, is correct, confessedly the judgment would have to be affirmed. If his argument is wrong, it is so because the government's insistence that the judgment of conviction was not open to a collateral attack is right. But this writ does not bring here the order of July, 1909, for review on assignments of error. It is addressed to a judgment of the District Court, sitting as a court of claims, wherein the court found that in and by the order of July, 1909, the District Court, sitting as a criminal court, had adjudged that Rothstein's conviction was based on an unconstitutional statute, that the unconstitutional statute never was a law, that the conviction was a nullity, and that, therefore, it was within the power and duty of the criminal court to cancel the void judgment of conviction and order the restitution of the fine. It was on these facts that the District Court, as a court of claims, rendered the judgment now on review. This writ of error therefore involves a collateral attack upon the order of July, 1909. For the government to succeed, that order must be, not merely erroneous, but absolutely void. Now, if a conviction under an unconstitutional statute is a nullity, the court, on motion and notice and hearing, would have jurisdiction after the term to expunge the void judgment; and the order of expungement would not only be within the court's power, but would be errorless. Surely the government will not insist that the jurisdiction of the District Court, as a criminal court, being the organism provided by law and clothed with the duty of hearing the parties' contentions respecting the disposition to be made of the motion, was dependent upon its giving an unquestionably correct decision; for, though there may be precedents for holding that an erroneous judgment on the constitutional law is not binding, all the authorities agree that a mistaken decision on the common law shall not be assailed collaterally.

The judgment is affirmed.