BROWN v. DETROIT TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. February 13, 1912.)

No. 2,162.

1. BANKRUPTCY (§ 440*)—CONTEMPT PROCEEDINGS—REVIEW.

An order declaring defendant in contempt for failure to comply with a referee's order requiring the surrender of certain rooms in a hotel to the trustee in bankruptcy of the hotel company, and imposing a fine payable to the United States, as a punishment and not as compensation to the trustee for damages, was in effect a criminal judgment, and therefore reviewable by writ of error as distinguished from a petition for revision.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

2. CONTRACTS (§ 105*)—ILLEGAL CONSIDERATION—LIQUOR LICENSE.

Where defendant had a license to sell liquor in a hotel operated by a bankrupt hotel company, a contract between defendant and the bankrupt's receiver that defendant should be permitted to remain in possession of a suite of rooms in the hotel in consideration of the receiver's use of the liquor license was invalid as based on an illegal consideration.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 105.*]

3. LANDLORD AND TENANT (§§ 118, 119*)—TENANCY AT WILL OR BY SUFFERANCE.

A hotel company became a bankrupt July 19, 1910. A receiver having been appointed on the 20th, he illegally agreed with defendant, who owned a license to sell liquor in the hotel, that he might continue to occupy his suite in consideration of the receiver's beneficial use of the liquor license. A trustee was appointed September 8th, but no receipt for the building was given by him until September 23d. On October 20th the trustee claimed rent from defendant, and, he refusing to pay, proceedings were instituted to compel a surrender of the suite, and to recover a rental value thereof. Held, that the referee's finding that the trustee's delay in proceeding to terminate defendant's possession was insufficient to constitute a tenancy at will or by sufferance, requiring a three months' notice to quit under the Michigan law, was supported by the evidence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 402–415, 428–431; Dec. Dig. §§ 118, 119.*]

4. BANKRUPTCY (§ 229*)—APPEAL—CONTEMPT—PAYMENT OF FINE.

Where defendant paid the fine assessed in bankruptcy proceedings for criminal contempt, such payment could not be regarded as so far voluntary as to preclude defendant's right to review the legality of his conviction for the contempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 229.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

5. BANKRUPTCY (§ 229*)—CONTEMPT PROCEEDING—APPEAL.

An order requiring defendant to vacate a suite of rooms in a hotel allowed him three days in which to make payment of required rent or vacate. Before the expiration of such period, he took proceedings to review the referee's order to surrender. Held, that the proceedings for review suspended the operation of the referee's order, and that a judgment imposing a fine on defendant for contempt in failing to comply therewith was erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from and in Error to the District Court of the United States for the Eastern District of Michigan.

In the matter of bankruptcy proceedings of the Brown Hotel Company. Proceeding by the Detroit Trust Company as trustee against Jerome A. Brown to compel a surrender of certain rooms in a hotel occupied by defendant, and to punish him for contempt for refusal to surrender the same. From the judgment Brown appeals, and brings error. Order requiring surrender affirmed and order adjudging defendant guilty of contempt reversed.

J. G. McHenry, for appellant.

W. L. January, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. In the matter of the Brown Hotel Company, bankrupt, the referee made an order November 15, 1910, requiring Brown, who was president of the bankrupt company, to either vacate and surrender to the trustee "forthwith and within three days after service of a copy of this order upon him," a certain suite of rooms in the building belonging to the bankrupt estate, or to pay rent therefor at the rate of $100 per month from September 8th next preceding. The referee also recommended that, if the order referred to was not complied with, Brown be punished for contempt. On November 18th Brown filed petition for review of this order. The proceedings were duly certified to the district judge. On January 12, 1911, the latter made an order overruling Brown's exceptions to the referee's order; also adjudging Brown guilty of contempt in refusing to comply with it, and decreeing that "he pay to the United States a fine of $200 and the costs of these proceedings, and that he stand committed to the custody of the marshal of this court until said fine and costs shall have been paid."

Both appeal and writ of error to this court were allowed. The trustee moved to dismiss both the appeal and the writ, the determination of the motion being postponed until hearing upon the merits. Brown later filed petition for revision under section 24b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), but no orders have been made or proceedings had thereunder.

[1] So far as concerns the order declaring the contempt and adjudging the punishment, we think writ of error the proper method of review. The fine was required to be paid to the United States as a punishment, and not as compensation to the opposite party for his damages. Compliance with the order for a surrender of the premises would not relieve from payment of the fine. The order, both for surrender of possession and payment of fine, was final. The order of punishment was in effect a criminal judgment, and so reviewable here by writ of error. Bessette v. W. B. Conkey Co., 194 U. S. 324, 338, 24 Sup. Ct. 665, 48 L. Ed. 997; Doyle v. London Guaranty, etc., Co., 204 U. S. 599, 605, 27 Sup. Ct. 313, 51 L. Ed. 641. See,

also, Bullock Elec. & Mfg. Co. v. Westinghouse Co. (C. C. A. 6) 129 Fed. 105, 63 C. C. A. 607; Clay v. Waters (C. C. A. 8) 178 Fed. 385, 101 C. C. A..645; In re Grove (C. C. A. 3) 180 Fed. 62, 103 C. C. A. 416.

The trustee contends that the order for surrender of possession was made in a proceeding in bankruptcy, and not in a controversy arising under the act, and that, therefore, review cannot be had by appeal or writ of error under section 24a, but only by petition to revise under 24b. In the view we take of the merits of this feature of the order, it is unnecessary to decide the question of remedy referred to. We think the district judge rightly refused to interfere with the referee's order. At the time of the bankruptcy, Brown was occupying a suite of rooms by virtue of his employment by the hotel .company, and as part of his compensation therefor. Bankruptcy occurred July 19, 1910, and after this date no services were rendered by Brown to the bankrupt company. The receiver was appointed July 20th, the trustee was appointed September 8th, but final receipt was not given by the latter for the building until September 23d or 24th. Brown had a license to sell liquor upon the premises, and the receiver permitted Brown to occupy the suite in consideration of the beneficial use by the receiver of the liquor license. No such agreement was made with the trustee. The latter, on October 20th, rendered Brown a bill for rent claimed to be due, and, on Brown's demanding an itemized statement, one was rendered October 21st, claiming rent from July 20th, and without credit on account of the license feature. Brown contended before the referee that he had become a tenant at will or by sufferance, and so under the Michigan law was entitled to three months' notice to quit, and this was the substantial controversy before the referee. Such tenancy, if it existed, would, under the Michigan law, require a three months' notice for its termination.

It is unnecessary to determine whether the relation of landlord and tenant existed as between Brown and the hotel company. We understand no claim to be made that a tenancy at will or by sufferance was created, unless by the act of the receiver or the trustee or both. Brown claims his case is brought within School District v. Batsche, 106 Mich. 330, 64 N. W. 196, 29 L. R. A. 576, where it is said that:

"The rule is that the person in possession of land lawfully, who holds over without right, becomes a tenant at sufferance, if the owner suffers him to remain in'possession a sufficient length of time to imply an intentional acquiescence in the occupancy, and it is not necessary that the previous holding be that of a tenant. An express consent to occupancy is not necessary to create such a tenancy."

In that case there was quoted with approval the statement in Kerrains v. People, 60 N. Y. 221, 19 Am. Rep. 158, that:

"In order to have the effect to create a tenancy by sufferance, the occupancy must be sufficiently long to warrant an inference of consent to a different holding; but we are aware of no case which fixes the precise time within which such consent may be inferred."

[2] The referee rightly held that the arrangement between Brown and the receiver was founded upon an unlawful consideration, and

therefore void. This proposition of law does not seem to be disputed.

[3] The objection that there was no evidence to sustain the finding of fact falls because the fact was so alleged in the answer to the trustee's petition to require surrender, which answer may be taken as an admission. The referee held, however, that such arrangement "establishes as a matter of law the claim and right under which Brown remained in possession up to September 8th, and that time cannot be computed to establish a tenancy at will or by sufferance." We think this holding correct, both for the reason stated by the referee and because of the temporary nature of the receiver's possession and authority. The referee concluded that:

The "delay of the trustee from September 8th, when it qualified, or from September 21st, when it was given full possession of the Charlevoix Hotel, was not such a delay as to create a tenancy at will or by sufferance, if any such tenancy could be created at all by the trustee, and which is doubtful."

We cannot say that this conclusion of fact is not supported by the evidence. No claim is made of a continued occupancy under alleged authority of a lease from the hotel company, nor of a holding from month to month by agreement with the trustee. It is apparent that previous to the commencement of proceedings to remove Brown from the suite the real controversy was over his right to set off the beneficial use of the liquor license against the rental charged. The conclusion reached upon this branch of the case makes it unnecessary to consider the effect of the petition to revise, or to take that proceeding into account.

[4] But, while the district judge rightly refused to disturb the referee's order requiring surrender of the premises, the question remains whether the order adjudging Brown guilty of contempt, and inflicting punishment for not complying with the order of surrender, was authorized. By the certificate of the clerk of the District Court filed in this court on the hearing it appears that Brown "paid into court" the fine in question on the day it was imposed, and that the fine was on the same day "deposited to the credit of the Treasurer of the United States." Brown asks that the fine "be remitted" upon a reversal of the contempt order. The payment of the fine raises the question (although the point is not made by defendant in error) whether the right of review has thereby been waived, or a moot question created. There are decisions under which both questions would be answered in the affirmative. Many of the decisions sustaining waiver are based upon the theory of voluntary payment. The circumstances of the payment in question here do not appear. It is the general rule that:

"Where a judgment appealed from cannot be affected by the decision of the appellate court, the case becomes a moot one, and the appeal should be dismissed." United States v. Evans, 213 U. S. 297, 29 Sup. Ct. 507, 53 L. Ed. 803; Meyers v. Cheesman (C. C. A. 6) 174 Fed. 783, 98 C. C. A. 491. See, also, Bucks Stove, etc., Co. v. Amer. Federation of Labor, 219 U. S. 581, 31 Sup. Ct. 472. 55 L. Ed. 345.

193 F.—40

Is it clear, however, that the judgment in question cannot be affected by its reversal here? In Barthelemey v. People, 2 Hill (N. Y.) 248, it was held that:

The "payment or satisfaction of an erroneous judgment against a party can never be allowed as a bar to a writ of error, even in a case where we must see that no restitution can follow the reversal as a legal consequence, and no costs be recovered. An erroneous judgment against him is an injury per se, from which the law will intend that he is or will be damnified by its continuing against him unreversed."

In Commonwealth v. Fleckner, 167 Mass. 13, 44 N. E. 1053, Mr. Justice Holmes, in construing a statute providing that the allowing of exceptions should not stay execution or sentence, in the absence of judicial certificate of reasonable doubt whether the judgment should stand, said:

"We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction * * * merely because a wrongfully convicted person has paid his fine or served his term. The fact that no indemnity is provided by this act is far from enough to lead us to that conclusion. Of course, the payment of the fine in accordance with the sentence was not a consent to the sentence, but a payment under duress."

In United States v. Rothstein (C. C. A. 7) 187 Fed. 268, 269, 109 C. C. A. 521, 522, in affirming the recovery against the United States for a fine imposed in a criminal case, it was said:

"Payment of the fine, even if the judgment of conviction was void, is not to be deemed a voluntary contribution to the government, and therefore is not a bar, if a recovery in other respects is sustainable."

Certainly, if restitution is possible, the judgment appealed from would be affected by the reversal. In the courts of the United States the rule is broadly settled that upon the reversal of an erroneous judgment the law raises an obligation in the party to the record who has received the benefit of the judgment to make restitution to the other party for what he has lost, and that the mode of effecting this result may be regulated according to circumstances. See Bank of United States v. Bank of Washington, 6 Pet. 8, 8 L. Ed. 299; Ex parte Morris & Johnson, 9 Wall. 605, 19 L. Ed. 799; Northwestern Fuel Co. v. Brock, 139 U. S. 216, 221, 11 Sup. Ct. 523, 35 L. Ed. 151. Neither of the cases last cited involved restitution of a fine imposed as a punishment.

Without deciding that on reversal of the contempt order restitution of the fine paid could be enforced under the Tucker act (24 Stat. at L. 505 [U. S. Comp. St. 1901, p. 752]), and while we are of opinion that this court has no authority to direct restitution, it certainly is not so clear that remedy therefor is not open as to justify us in refusing to consider the legality of the contempt order.

[5] Upon the merits, we are constrained to hold that this order was unauthorized. Brown could not have been in contempt for disobeying the referee's order. That order allowed him three days in which to make payment or vacate. It was dated November 15th, and was not filed until the next day. Brown had thus at least the

entire of November 18th in which to take such action.  B. A. § 31.
On that date he took proceedings to review the referee's order to
surrender.  These proceedings were matter of right, and suspended
the operation of the referee's order.  While such was, of course, not
the intention of the District Court, the effect of its order was to
expose Brown to punishment for taking proceedings to review.  We
say this because the order declaring and punishing the alleged con-
tempt was made in connection with, and at the same time as, the
order overruling the exceptions to the referee's order.  It was not,
and could not have been, based upon a failure to comply with the
order of the District Court, for that order gave him 24 hours, after
notice and service thereof, in which to surrender the suite.  On the
contrary, Brown was adjudged "guilty of disobedience of the order of
the said referee in refusing to vacate the suite of rooms referred to
in the order of said referee," etc.

The order of the District Court requiring surrender of the rooms
will be affirmed.  So much of the order as adjudged plaintiff in er-
ror guilty of contempt, and imposed punishment therefor, will be re-
versed.