239 U.S. 602 (1916)
BASSO
v.
UNITED STATES.
No. 143.
Supreme Court of United States.
Argued January 6, 1916.
Decided January 17, 1916.
APPEAL FROM THE COURT OF CLAIMS.
*603 Mr. Henry M. Ward for appellant.
Mr. Assistant Attorney General Huston Thompson for the United States.
*604 MR. JUSTICE McKENNA delivered the opinion of the court.
Appellant is a Spanish subject who resided, at the time his alleged cause of action accrued and at the time his petition was filed in the Court of Claims, in the Island of Porto Rico.
Porto Rico was ceded to the United States by the Treaty of Paris, ratifications of which were exchanged April 11, 1899. The Island was occupied by the military forces of the United States prior to January 1, 1899, and February 1, 1899, the President of the United States by order promulgated the "Amended Customs Tariff and Regulations for Ports in Porto Rico," which fixed and provided for the collection of duties upon all articles imported into *605 Porto Rico. And duties were collected thereafter in accordance with such tariff and the amendments thereto made from time to time until May 1, 1900.
Certain officers of the army were designated to act and did act as collectors of customs under such tariff at the several ports of entry in Porto Rico and enforced such tariff upon merchandise brought into Porto Rico from the United States and from foreign countries.
Under authority of general order No. 88 the general commanding in the Island established a provisional court of the United States for the Department of Porto Rico.
On or about July 13, 1899, by information filed by the prosecuting officer of the provisional court, appellant was charged before that court with the crime of having imported from the United States into Porto Rico certain merchandise without having made entry of the same in the custom house and without having paid duty thereon. He was arraigned, pleaded not guilty, and the case was set for trial.
At the trial he entered a plea that §§ 2865 and 3082 of the Revised Statutes of the United States were without force or effect in Porto Rico, that the latter was part of the United States and that there was no warrant in law for imposing duties on goods brought from the United States into the Island.
The defenses were not allowed, he was found guilty, sentenced to imprisonment and was imprisoned for twenty-seven days.
He alleged the foregoing facts in his petition and that he suffered damages thereby in the sum of $10,000, $7,500 general and $2,500 special damages. That he is advised by counsel that the act for which he was accused and condemned did not then constitute a crime; that the said sections of the Revised Statutes of the United States under which the provisional court claimed authority to act were not in force in Porto Rico and the court was *606 wholly without jurisdiction in the premises and its sentence was null and void, and that by reason of such accusation, trial, conviction, sentence and imprisonment he was deprived of his liberty without due process of law in violation of the Constitution of the United States.
Judgment was prayed for the sum of $10,000.
The United States filed a general traverse of the petition but subsequently moved to dismiss upon the ground that the court had no jurisdiction to consider it, it presenting "an action for damages in a case sounding in tort."
The motion was sustained and judgment entered dismissing the petition for want of jurisdiction. This appeal was then taken.
Appellant concedes that "the cause of action not merely `sounds in tort' but is based wholly upon the tortious actions of the agents of the United States." He, however, contends that the Court of Claims has jurisdiction under the Tucker Act over claims ex delicto founded upon the Constitution of the United States. And, this, he further contends, is supported by the recent decisions of this court, and relies especially upon Dooley v. United States, 182 U.S. 222.
But that case did not overrule Schillinger v. United States, 155 U.S. 163, which, counsel says, holds directly contrary to his contention and that he has not the ingenuity to suggest how the court can now decide the case at bar in appellant's favor without at least by implication overruling the Schillinger Case. We are not disposed to overrule the case, either directly or by implication. The court found nothing in it antagonistic to the reasoning and conclusion reached in the Dooley Case.
In United States v. Lynah, 188 U.S. 445, the Schillinger Case was treated as subsisting authority, and Mr. Justice Brown, who wrote the opinion in the Dooley Case, in his concurring opinion in the Lynah Case, considered it as correctly declaring the law.
*607 The Dooley Case and cases subsequent to it which are relied upon by appellant concerned the exaction of duties or taxes by the United States or its officers or property taken by the Government for public purposes.[1] In such cases jurisdiction in the Court of Claims for the recovery of the duties and taxes or for the value of the property taken was declared.
In the case at bar (assuming as true all that is charged) there was a wrong inflicted, if a wrong can be said to have been inflicted by the sentence of a court legally constituted after judgment upon issues openly framed by the opposing parties both of fact and the applicable law, whether that law was §§ 2865 and 3082 of the Revised Statutes or the Constitution of the United States. But conceding that a wrong was inflicted through these judicial forms, the case nevertheless is of different character from the Dooley Case, as was also the Schillinger Case. The latter case passed upon the jurisdiction of the Court of Claims in actions founded on tort and declared the general principle to be, based on a policy imposed by necessity, that governments are not liable (155 U.S., p. 167), "`for unauthorized wrongs inflicted on the citizen by their officers, though occurring while engaged in the discharge of official duties.'" And it was further said (p. 168): "`Congress has wisely reserved to itself the right to give or withhold relief where the claim is founded on wrongful proceedings of an officer of the government.'" Gibbons v. United States, 8 Wall. 269, 275; Morgan v. United States, 14 Wall. 531, 534.
The Schillinger Case was cited in the New Orleans-Belize Royal Mail v. United States, ante, p. 202, in rejection of a contention that the United States was liable for services imposed by their officers outside of a contract *608 with the Royal Mail Company, in the performance of which the vessel owned by the company was damaged.
We repeat, therefore, that the Schillinger Case being subsisting authority, and appellant conceding that if such be its value it is controlling, further discussion is unnecessary.
Judgment affirmed.
MR. JUSTICE McREYNOLDS took no part in the consideration and decision of this case.
NOTES
[1] United States v. Welch, 217 U.S. 333; United States v. Grizzard, 219 U.S. 180; United States v. Emery, 237 U.S. 28.