## SULTZBACH CLOTHING CO. v. UNITED STATES.

(District Court, W. D. New York. Oct. 26, 1925.)

No. 2819.

1. **United States ⬤▬125—United States does not subject itself to liability for actions founded on alleged torts of federal officials.**

Under Judicial Code, § 24, subd. 20 (Comp. St. § 991), giving jurisdiction of claims against government, United States does not subject itself to liability for damages in actions founded on alleged torts of federal officials.

2. **United States ⬤▬78, 125—Can be sued only on giving its consent, and not liable for wrongs perpetrated by officers.**

United States can only be sued on giving its consent; consequently no liability exists for wrongs perpetrated by its officers, even though they are inflicted while discharging their duties.

3. **Contracts ⬤▬4—Law implies contracts, without party bound assenting thereto.**

Law implies contracts in some cases, without party bound assenting thereto.

4. **United States ⬤▬69—Person paying fine under law subsequently declared void has right to rely on implied promise of United States to repay invalid penalty.**

Where plaintiff paid fine for violation of law subsequently declared void, it had right to waive any element of tort and rely on implied promise to repay invalid penalty.

5. **Courts ⬤▬426—District Court, sitting as court of claims, has jurisdiction of action to recover invalid penalty from United States.**

District Court, sitting as a court of claims, under Judicial Code, § 24, subd. 20 (Comp. St. § 991), *held* to have jurisdiction of action to recover United States fine paid for violation of section 4 of Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff), which was subsequently held unconstitutional and void.

At Law. Action by the Sultzbach Clothing Company against the United States. On motion to dismiss complaint. Motion denied.

Fleischmann, Block & Altman (Simon Fleischmann and Adrian Block, both of Buffalo, N. Y., of counsel), for plaintiff.

Francis E. Kerwin, Asst. U. S. Atty., of Buffalo, N. Y.

HAZEL, District Judge. The plaintiff, Sultzbach Clothing Company, pleaded guilty to an indictment charging a violation of section 4 of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff), and was sentenced by the court to pay a substantial fine. Subsequently, on issuance of an execution, the United States marshal was paid $6,000 to apply on the penalty, and before paying the balance the Supreme Court held section 4 unconstitutional and void. Thereafter, on motion of defendant, the government consenting, the indictment was vacated and dismissed, the sentence set aside, and a pending writ of error vacated.

This action was thereupon brought under section 24, subd. 20, of the Judicial Code (Comp. St. § 991), a re-enactment of the Tucker Act, to recover the amount paid. The United States now moves to dismiss the complaint for want of jurisdiction, in that the cause of action is one sounding in tort and the United States is not subject to liability. The material provision under which the action was brought reads as follows:

"The District Courts shall have original jurisdiction as follows: * * * Concurrent with the Court of Claims, of all claims not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort."

[1] This provision has been construed to mean that the United States does not subject itself to a liability for damages in actions founded on alleged torts of federal officials and not contemplated in the act in question. In U. S. v. Holland Am. Lijn, 254 U. S. 148, 41 S. Ct. 72, 65 L. Ed. 193, the immigration authorities required plaintiff, under duress, to pay certain bills for care and attendance of immigrants who were detained for inspection, and plaintiff, under protest, paid the exaction, but afterwards brought suit under the Tucker Act to recover the amounts paid, alleging that the exactions were in violation of its rights as an alien subject. The Supreme Court, however, ruled that jurisdiction was not conferred since the declaration was based upon wrongful and tortious acts of government officials. In the opinion the learned court, quoting from Schillinger v. U. S., 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108, said:

"Congress has wisely reserved to itself the right to give or withhold relief where the claim is founded on the wrongful proceedings of an officer of the government."

[2] The United States can only be sued upon giving its consent, and this rule is based on the policy of necessity, and consequently no liability exists for wrongs perpetrated by its officers, even though they are inflicted while discharging their duties. In Basso v.

U. S., 239 U. S. 602, 36 S. Ct. 226, 60 L. Ed. 462, upon which the government places reliance, the action was begun to recover special damages for false imprisonment on a charge of smuggling made by certain officers of the army, and alleging that the sentence was null and void, since the act under which he was condemned did not constitute a crime. The defendant after trial and conviction was sentenced to imprisonment. On motion to dismiss, it was held that the action sounded in tort and the government was not liable.

The basis of this case, however, is believed to rest on different grounds and principles, namely, that plaintiff has a right to have the amount remitted, because it was deprived of property without due process of law, and that a quasi contractual obligation existed by which the government obligated itself to repay the illegally imposed fine, or so much thereof as was paid thereon, and also because the penalty was imposed under a law of Congress. The provision of the Tucker Act enumerating the classes of suits that may be brought against the United States was carefully considered in Dooley v. U. S., 182 U. S. 222, 21 S. Ct. 762, 45 L. Ed. 1074, and the court, by Mr. Justice Brown, said the act contemplated four distinctive classes of cases as follows:

"(1) Those founded upon the Constitution or any law of Congress, with an exception of pension cases; (2) cases founded upon a regulation of an executive department; (3) cases of contract, express or implied, with the government; (4) actions for damages, liquidated or unliquidated, in cases not sounding in tort. The words 'not sounding in tort' are in terms referable only to the fourth class of cases."

The court held that jurisdiction was conferred in actions to recover duties illegally exacted upon merchandise alleged to have been imported from a foreign country. As to the contention of the government that the basis of the action was a wrongful and tortious act committed by its officers, the court ruled that, inasmuch as the claim was founded upon a law of Congress, the government was subject to suit. It is difficult to perceive any difference in principle between the power given by valid enactment but which subsequently ceased to be effective, and officers acting within the scope of one that is held to be invalid and void at its inception.

The case of U. S. v. Emery, 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, also was based on a wrongful collection of federal taxes. The jurisdiction of the court was attacked on the same ground as in this case, namely, that the misconduct of the officers in collecting the taxes sounded in tort, but in the opinion Mr. Justice Holmes said that, since the claim was founded upon a law of the United States, the argument advanced that there is a distinction between claims "arising under" and those "founded upon" the revenue law rests on "the inadmissible premise that the great act of justice embodied in the jurisdiction of the Court of Claims is to be construed strictly and read with an adverse eye," and the decision in Dooley v. U. S., supra, was cited with approval.

[3, 4] The further contention in this case that, assuming the fine was illegally imposed under an invalid statute, there nevertheless existed a quasi contractual relationship which entitled plaintiff to recover, is met by the government with the suggestion that the asserted implied contract is of shadowy substance, and put forward to confer jurisdiction which the court otherwise would not have. Of course, if the claim is unsubstantial, it would be a mere evasion of the statute. Hill v. U. S., 149 U. S. 593, 13 S. Ct. 1011, 37 L. Ed. 862. But, in my view, it does not come within that criticism. That there are contracts which the law implies, without the party bound assenting thereto, is well established (13 Corpus Juris, 224); and, assuming the exaction of the fine by wrongful procedure, or that an element of tort is shown in the complaint, the plaintiff, I think, had the right to waive the tort and rely upon the implied promise to repay the invalid penalty (Miller v. Schloss, 218 N. Y. 400, 113 N. E. 337; People v. Wood, 121 N. Y. 522, 24 N. E. 952). Indeed, the writ of error was withdrawn presumably on this tacit understanding. Numerous adjudications support the principle of recovery upon contract upon waiver of the cause of action for tort. The principle of the cases just cited, I think, may properly be applied in the instant case. It appears to have been suggested in the Dooley Case, but the court, though mentioning it, passed the point with the observation that the action was expressly authorized by the Tucker Act, and there was no necessity of basing the decision on any other ground.

The liability of the government on an implied contract was upheld in U. S. v. Buffalo Pitts Co., 234 U. S. 228, 34 S. Ct. 840, 58 L. Ed. 1290, wherein claimant had a chattel mortgage on a tractor engine used by a contractor in a government work. The

mortgagor failed to pay the debt and defaulted in his contract with the government, which then took possession of the engine and completed the work. It was decided that the action was properly brought under the Tucker Act on an implied contract that the government would pay for the engine upon the contractor's failure. And in U. S. v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539, it was held that when the government takes property not claimed as its own, an implied promise to pay is raised. It is fair to presume that in the instant case the government, in withholding the money paid, does not, in view of the unconstitutionality of the statute under which the fine was imposed, claim to be the owner thereof. See, also, U. S. v. Great Falls Mfg. Co., 112 U. S. 645, 5 S. Ct. 306, 28 L. Ed. 846. And in Devlin v. U. S., 12 Ct. Cl. 266, the court' held that a fine imposed on an illegal conviction is a deposit with the government and an action on an implied promise to repay was proper.

U. S. v. Nederlandsch, etc., 254 U. S. 148, 41 S. Ct. 72, 65 L. Ed. 193, upon which the government places reliance, is believed distinguishable, since there the substance of the asserted claim was not based on implied contract, but rested solely upon wrongful and tortious acts of officials acting "without authority of law in coercing the claimant to pay the sums demanded." The case was deemed different in character from the Dooley Case in that it involved an unauthorized wrong inflicted through judicial forms by federal officials, while the Dooley Case, related only to the exaction of duties for governmental purposes.

Stress is also laid by plaintiff upon U. S. v. Rothstein, 187 F. 268, 109 C. C. A. 521, which presents a similar situation as here, namely, a fine imposed by the court under an invalid statute. The action was for restitution under section 2 of the Act of March 3, 1887 (24 Stat. 505), a provision similar to the subsequently enacted Tucker Act. The government apparently resisted the restitution of the fine because the order directing restitution was not entered at the term at which the judgment was passed, and since the fine was paid voluntarily, and not pursuant to duress or threat of any kind, the court was without jurisdiction. It was, however, held that as the District Court adjudged conviction on an unconstitutional statute, it had the power to cancel the void judgment and order the restitution of the fine. In the course of the opinion by the Circuit Court of Appeals for the Seventh Circuit, it was said:

"Surely the government will not insist that the jurisdiction of the District Court, as a criminal court, being the organism provided by law and clothed with the duty of hearing the parties' contentions respecting the disposition to be made of the motion, was dependent upon its giving an unquestionably correct decision; for, though there may be precedents for holding that an erroneous judgment on a constitutional law is not binding, all the authorities agree that a mistaken decision on the common law shall not be assailed collaterally."

[5] This language, it seems to me, may fitly be applied to the case at bar. In my opinion, this District Court, sitting as a court of claims, for the reason stated herein, has jurisdiction of the action in suit, and accordingly the motion to dismiss the complaint must be denied.