## UNITED STATES v. COTEX CORPORATION.

District Court, D. New Jersey.
Aug. 31, 1936.

John J. Quinn, U. S. Atty., of Red Bank, N. J. (succeeding Harlan Besson, former U. S. Atty., of Trenton, N. J.), for the United States.

Lum, Tamblyn & Fairlie, of Newark, N. J., for defendant.

FORMAN, District Judge.

On September 21, 1934, the defendant pleaded guilty to ten counts of an information charging it with violations of the National Industrial Recovery Act (48 Stat. 195). It was fined $100 on each count, or $1,000, by this court, which was paid on September 25, 1934.

In May, 1935, the United States Supreme Court declared that the National Industrial Recovery Act was unconstitutional. Schechter Poultry Corporation v. U. S., 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947.

The defendant now moves that an order be entered setting aside the said judgment of conviction and that said order contain a statement that the defendant is entitled to have the fine of $1,000 restored to it in the following form:

"This matter having come on to be heard on motion of Lum, Tamblyn & Fairlie, Attorneys for the defendant for an order setting aside and vacating all the proceedings herein taken and for a judgment to the effect that the defendant is entitled to restitution of all the monies paid by it by way of a fine in these proceedings and it appearing to the court that the Federal statute under which the conviction was obtained has been declared unconstitutional by the United States Supreme Court, and the court therefore being of the opinion that the defendant's motion should. be granted:

"Now therefore, it is on this ——— day of ———, 1935, ordered, adjudged and determined that the information and charge made against the defendant be and the same is hereby dismissed and that all orders and proceedings herein including the order of September 21, 1934 wherein said defendant was fined the total sum of $1,000.00, be and the same hereby are vacated, set aside and held for naught and that the judgment of conviction entered against the defendant be and the same is hereby vacated, set aside and held for naught.

"It is further ordered, adjudged and determined by the court that the defendant Cotex Corporation is of right entitled to restitution of the said sum of $1,000.00 paid by it as a fine."

The government offers no argument against the propriety of an order by the court setting aside its previous final judgment, but confines its consideration of the case to the question of this court's authority to give a judgment on the facts presented.

The defendant, on the other hand, does not ask for a judgment in the said order and concedes that such decision can only come from the Court of Claims or a District Court sitting as a Court of Claims. However, it insists that it is entitled to have the final paragraph included in the proposed order simply as evidence of the court's opinion that the fine imposed under the void judgment should be returned to the defendant, and because such was the form of the order in the case of U. S. v. Rothstein (C.C.A.) 187 F. 268.

The opinion of the court so expressed in an order can have no efficacy or binding effect. As defendant concedes, upon the entry of an order vacating the judgment of conviction, its remedy, in the way of a judgment against the United States for the amount of the fine, must be by way of a separate proceeding.

At best the expression of an opinion in the order would be mere surplusage. The order to vacate the judgment will therefore be signed, omitting any reference to the restitution of the amount of the fine.