OPINION OF THE COURT
Arthur C. Aulisi, J.
This is a motion by defendant pursuant to CPLR 3211 (subd *233 [a]) for a judgment dismissing the complaint in the above-entitled action.
The plaintiff is a public benefit corporation organized under the provisions of subdivision 1 of section 172 of the Regional Off-Track Betting Corporations Law of the State of New York (L 1973, ch 346, § 5) and engages in the conduct and operation of a system of off-track pari-mutuel betting on horse races (§ 173, subd 10; L 1973, ch 346, § 5). Defendant is a not-for-profit corporation whose members have an interest in harness racing (Matter of Northeastern Harness Horsemen’s Assn. v New York State Racing & Wagering Bd., 90 Misc 2d 328, 329).
In this action, the plaintiff seeks to recover damages for alleged defamatory statements published in the April 1977 issue of the newsletter distributed by the defendant to its members which accused the plaintiff of "flagrant violations of law, such as questionable auditing practices, continuous zoning violations and ignoring pari-mutuel revenue statutes”.
Presented for determination on this motion is the question of whether plaintiff, in view of its status as a governmental corporation, may maintain an action for defamation against the defendant.
The memorandums of law submitted by counsel for the respective parties do not cite, and the research of the court does not disclose any reported case in this State dealing with the question involved. In other jurisdictions, however, the rule is that a municipal corporation cannot maintain an action for libel against one who publishes malicious and false statements with the intent to destroy its credit and financial standing, even to the extent that the publication affects it in its proprietary capacity (City of Chicago v Tribune Co., 307 Ill 595; City of Albany v Meyer, 99 Cal App 651; see, also, 35 NY Jur, Libel and Slander, § 148). The rule is predicated upon considerations inherent in the freedom of speech and freedom of the press provisions of the constitutions of the States, as well as the First Amendment to the Constitution of the United States, as applied to the States by the Fourteenth Amendment. The principle of City of Chicago v Tribune Co. (supra, p 601) that "prosecutions for libel on government have [no] place in the American system of jurisprudence” has been cited with approval by the Supreme Court of the United States in the case of New York Times Co. v Sullivan (376 US 254, 291).
Although the rule has received critical comment in treatises and certain law review articles (Prosser, Torts [2d ed], p 579, n
*234 95), no American court which has considered the question has reached a result contrary to that of City of Chicago v Tribune Co. (supra). (State of Louisiana v Time, Inc., 249 So 2d 328 [La]; see, also, Johnson City v Cowles Communications, 477 SW2d 750 [Tenn].)
The contention of the plaintiff that the cases cited are not applicable in the instant action because the plaintiff is not a municipal corporation, as that term is defined by section 2 of the General Municipal Law is wholly without merit. The rule has been applied in a cáse involving a governmental entity other than a. municipal corporation (Progress Dev. Corp. v Mitchell, 219 F Supp 156, park district) and the broadened scope of the rule has been recognized by the annotations on the subject (see Ann. 45 ALR3d 1315, superseding Ann. 28 ALR 1377). No rational basis has been advanced for an exclusionary rule in favor of the plaintiff in this case. Indeed, the very nature of the plaintiff corporation would seem to dictate a contrary result. Plaintiff possesses many of the powers of a municipal corporation (Regional Off-Track Betting Corporations Law, § 173; L 1973, ch 346, § 5) and its income is derived from off-track betting as "revenue for the support of government” (New York State Off-Track Pari-Mutuel Betting Law, § 116; L 1973, ch 346, § 4).
Finally, although the argument has not been raised on this motion, the possibility of injury to the plaintiff as a competitor of the defendant association, rather than in its status as a governmental entity, does not aid the position of plaintiff (Progress Dev. Corp. v Mitchell, supra).
In view of the foregoing, the motion of defendant for a dismissal of the complaint is granted.