## UNITED STATES *v.* GETTINGER AND POMERANTZ, COPARTNERS.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK.

No. 537. Argued November 30, 1926.—Decided January 3, 1927.

1. The District Court is without jurisdiction of an action to recover from the United States the amount of a fine imposed on the plaintiffs, and paid under protest, under a penal statute afterwards adjudged by this Court to be unconstitutional. P. 735.

2. The payment of such fine under a plea of *nolo contendere,* with an attempted reservation of a right to reclaim it if the statute on which the indictment was based were declared unconstitutional by this Court did not create any contract with the United States. P. 735.

Reversed.

APPEAL from a judgment of the District Court awarding damages against the United States in a suit under the Tucker Act to recover, with interest, the amount of a fine imposed under § 4 of the Lever Act, which was afterwards adjudged unconstitutional.

*Mr. Gardner P. Lloyd,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* and *Mr. Randolph S. Collins,* Attorney in the Department of Justice, were on the brief, for the United States.

*Messrs. Isadore Bookstein* and *George A. King,* with whom *Mr. Joseph Greenberg* was on the brief, for the defendants in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The District Court entered final judgment for defendants in error March 9, 1925, and certified that the only question involved was one of jurisdiction.

By an indictment returned into the United States District Court, Northern District of New York, February 1920, defendants in error were charged with violating § 4 of the Lever Act, c. 53, 40 Stat. 276, 277, as amended October 22, 1919, c. 80, 41 Stat. 297, 298, by selling women's

apparel at unjust and unreasonable rates.   They entered pleas of *nolo contendere* October 8, 1920, and each undertook to " waive any and all claims which I now have or hereafter may have to any and all fines which the court may see fit to impose upon me upon such plea, except in the event that the so-called Lever Act under which said indictment is founded shall be declared unconstitutional by the Supreme Court of the United States."   The court adjudged them guilty and imposed a fine of five thousand dollars.   This was paid to the clerk and by him passed into the Treasury of the United States.

February 28, 1921, this court held § 4 of the Lever Act invalid.   *United States* v. *Cohen Grocery Co.,* 255 U. S. 81.   April 25, 1924, the court below undertook to set aside the judgment of conviction and sentence entered there October 8, 1920.

The present proceeding, begun May 24, 1924, set up the claim that under the above-stated facts the United States became obligated to repay to plaintiffs in error the sum of five thousand dollars with interest.   A demurrer which raised the question of the court's jurisdiction was overruled and the matter come here by direct writ of error.

The attempt by plaintiffs in error to reserve rights if the Lever Act should be held unconstitutional amounted at most to a protest, possibly sufficient to overcome the suggestion of an estoppel, but no contract arose out of it which obligated the United States to return the fine. Neither the court nor any federal officer had authority to make such an agreement.   The controlling general principles are sufficiently stated in *Russell* v. *United States,* 182 U. S. 516, 530; *United States* v. *Holland-America Lijn,* 254 U. S. 148; *United States* v. *Minnesota Mutual Investment Co.,* 271 U. S. 212.

The court below was without jurisdiction and should have dismissed the complaint.   Its judgment must be reversed.

*Reversed.*