Per Curiam:
This case was referred pursuant to Pule 37 (e) to Mastín G. White, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on plaintiff’s motion for judgment on the pleadings and defendant’s motion to dismiss plaintiff’s petition. The commissioner has done so in an opinion filed October 2,1962. Defendant sought review of the commissioner’s opinion and recommendation for conclusion of law, briefs were filed by both parties and the case was submitted to the court on oral argument by counsel. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is therefore entitled to recover and plaintiff’s motion for judgment on the pleadings is granted with the amount of recovery to be determined pursuant to Pule 38(c). Defendant’s motion to dismiss the petition is denied.
OPINION OE COMMISSIONER
The plaintiff alleges in the petition, and the defendant admits in the answer, that while the plaintiff, a citizen of the United States, was employed during the period 1953-1954 by the Department of the Army as a civilian clerk in Japan, he “was tried, convicted and sentenced to fine and imprisonment by United States Army Courts Martial”; and that, “As a result of these courts martial, plaintiff paid to defendant and defendant withheld from plaintiff” a sum of money[1] “on account of the fines imposed by said courts martial.” The present action is for the recovery of the amount which the Government collected from the plaintiff as fines under the sentences imposed by the courts-martial.
The plaintiff has filed a motion for judgment on the pleadings, and the defendant has filed a motion to dismiss the petition on the ground that it presents a claim which is not within the jurisdiction of the court.
*449 In a companion case between the same parties, No. 286-60, ante, p. 207, tlie plaintiff is seeking compensation for the period while he was imprisoned pursuant to the sentences of the courts-martial previously mentioned. From this court’s records relating to the companion case — of which the court can properly take judicial notice (Dimmick v. Tompkins, 194 U.S. 540, 548 (1904); Freshman v. Atkins, 269 U.S. 121, 124 (1925) ; National Fire Ins. Co. v. Thompson, 281 U.S. 331, 336 (1930))—it is known that the plaintiff was first tried by a special court-martial in December 1953, that he was convicted of violations of Articles 92 and 107 of the Uniform Code of Military Justice, and that he was sentenced to be confined at hard labor for 6 months and to pay a fine of $2,000; and that in June and July of 1954 the plaintiff was tried by a general court-martial, that he was convicted of violations of Articles 81 and 92 of the Uniform Code of Military Justice, and that he was sentenced to pay a fine of $25,000, to be confined at hard labor for 3 years, and to further confinement at hard labor until the fine was paid, but not for more than an additional period of 3 years. The courts-martial purported to exercise jurisdiction over the plaintiff under the authority of Article 2 of the Uniform Code of Military Justice (10 U.S.C. 802). That article, in listing the persons who are subject to the Code, includes in clause (11) “all persons serving with, employed by, or accompanying the armed forces without the continental limits of the United States * *
Under the sentences of the courts-martial previously mentioned, the plaintiff was confined in Army prisons from December 10,1953, to March 13,1957. The exact amount that was actually collected from the plaintiff by the Department of the Army on account of the fines imposed by the courts-martial is not known to the court at this time, but the pleadings in the present case show that the amount was not less than $1,331.01.
In a series of cases which the Supreme Court decided after the plaintiff was released from confinement, the Court held that the attempt by Congress in Article 2(11) of the Uniform Code of Military Justice to confer on courts-martial jurisdiction to try civilian citizens of the United States *450 “serving with, employed by, or accompanying the armed forces without the continental limits of the United States” in time of peace was unconstitutional. Reid v. Covert, 354 U.S. 1 (1957); Kinsella v. Singleton, 361 U.S. 234 (1960) ; Grisham v. Hagan, 361 U.S. 278 (1960); McElroy v. Guagliardo, 361 U.S. 281 (1960). On the basis of those decisions, it is clear that the courts-martial which tried, convicted, and sentenced the plaintiff were without jurisdiction to proceed against him. Since the courts-martial acted without jurisdiction, their judgments of conviction against the plaintiff and the sentences which they imposed on him were nullities and wholly void. Elliott v. Piersol, 1 Pet. 328, 340 (1828); Earle et al. v. McVeigh, 91 U.S. 503, 507 (1875); Basso v. United States, 40 Ct. Cl. 202, 213 (1905).
Thus, we have a situation where the Government is holding a sum of money which it illegally collected from the plaintiff as fines under void judgments of conviction and void sentences of courts-martial. The problem to be resolved is whether the Court of Claims has jurisdiction to entertain an action by the plaintiff for the recovery of the money.
The defendant’s motion to dismiss the petition for lack of jurisdiction is based, in essence, on the case of United States v. Gettinger, 272 U.S. 734 (1927). In that case, the Supreme Court said that a Federal district court was without jurisdiction to entertain an action for the recovery of a $5,000 fine which had been imposed and collected under an unconstitutional statute. Because of the seeming similarity between the problem that was before the Supreme Court in the Gettinger case and the problem that is before the Court of Claims in the present case, a detailed consideration of the Gettinger case is required.
The Gettinger case involved an action by Gettinger and his partner, Pomerantz, in the United States District Court for the Northern District of New York to recover the amount of a $5,000 fine that had previously been imposed upon them by the same court. In the bill of complaint, which Gettinger and Pomerantz filed on May 24,1924, they alleged that they had been indicted in February 1920 for allegedly violating Section 4 of the Lever Act (40 Stat. 276,277), as amended by Section 2 of the Act of October 22,1919 (41 Stat. 297, 298); *451 that on October 8, 1920, they had entered pleas of nolo contendere, reserving the right, however, to assert a claim for the amount of any fine imposed upon them if the Supreme Court should subsequently declare the Lever Act to be unconstitutional ; that the district court had convicted them and fined them $5,000, which amount was duly paid by them; and that thereafter the Supreme Court (in the case of United States v. Cohen Grocery Co., 255 U.S. 81 (1921)) had held Section 4 of the Lever Act to be unconstitutional. Gettinger and Pomerantz stated in the complaint that they were suing for the recovery of the $5,000 fine under the 20th subdivision of Section 24 of the Judicial Code. At the time, that subdivision — which was derived from Section 2 of the Act of March 3, 1887, the so-called Tucker Act (24 Stat. 505)— conferred on the district courts of the United States concurrent jurisdiction with the Court of Claims “of all claims [against the United States] not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an Executive Department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort * * *” (36 Stat. 1093; 28 U.S.C., 1926 ed., 41(20)).[2] The complaint asserted that the sum of $5,000 “was * * * had and received by the defendant for the use and benefit of these claimants, and as the fund of these claimants, and is now due and payable by the defendant to these claimants, and that * * * a contract was made and entered into between these claimants and the defendant, whereby defendant agreed and is obligated to refay and return to these claimants the said sum of Five Thousand ($5000) Dollars * * *” (emphasis supplied). The Government demurred to the complaint on the ground “that it fails to set forth a cause of action within the jurisdiction of this Court.” Gettinger and Pomerantz thereupon filed a motion for judgment on the pleadings. The district court, without writing an opinion, entered a judgment on March 9,1925, for Gettinger and Pomerantz in the sum of $5,000.
*452 The Government took the Oettinger case to the Supreme Court on a writ of error. The trial judge filed with the Court a certificate stating that:
* * * [Tjreating the said demurrer of the defendant as presenting the sole question of the jurisdiction of this Court, this Court held that it had jurisdiction of the subject matter of this cause; and treating said demurrer as presenting the sole question of jurisdiction in this cause arising under the provisions of * * * subdivision 20 of Section 24 of the Judicial Code of the United States, and particularly whether or not this action was upon a contract, express or implied with the United States not sounding in tort, said judgment was rendered and entered for said plaintiffs and against said defendant. [Emphasis supplied.]
The Government’s brief before the Supreme Court in the Oettinger case argued the proposition that the claim of Get-tinger and' Pomerantz was not based upon a contract implied in fact, but, rather, upon a contract implied in law and, hence, that it was a claim sounding in tort; and, therefore, that the district court had no jurisdiction. In this connection, the Supreme Court has held that the only type of implied contract that can be sued on under the Tucker Act and its successor statutory provisions is a contract that is implied in fact, and not one based merely upon equitable considerations and implied in law. United States v. Minn. Investment Co., 271 U.S. 212, 217 (1926).
The gist of the argument made before the Supreme Court by Gettinger and Pomerantz in their brief was that money collected as a fine under an unconstitutional statute must be deemed to have been paid into the Treasury for the benefit of the person or persons paying the money; and that an action for the recovery of the money was in the nature of an action for money had and received.
In a short opinion written by Justice McReynolds, the Supreme Court reversed the judgment of the district court in the Oettinger case. The Court’s reasoning was set forth in the following language (272 U.S. at p. 735) :
The attempt by plaintiffs * * * to reserve rights if the Lever Act should be held unconstitutional amounted at most to a protest, possibly sufficient to overcome the suggestion of an estoppel, but no contract arose out of it *453 which obligated, the United States to return the -fine. Neither the court nor any federal officer had authority to make such an agreement. * * *
The court below was without jurisdiction and should have dismissed the complaint. * * * [Emphasis supplied.]
When consideration is given to the pleadings in the Getting er case, to the certificate of the trial judge, and to the contentions of counsel before the Supreme Court, it appears that the issue presented to the Court in that case was the narrow one of whether a claim for the recovery of a fine imposed and collected under an unconstitutional statute was a claim “founded upon * * * [a] contract, express or implied [in fact], with the Government of the United States.” The Court answered this question in the negative.
The jurisdiction of the Court of Claims under 28 U.S.C. 1491 is not limited to claims that are founded upon express or implied contracts with the Government. It extends as well to “any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, * * * or for liquidated or unliquidated damages in cases not sounding in tort.”
When Congress waives the sovereign immunity of the Government and grants authority for the maintenance of legal actions by private persons against the Government, such authority is liberally construed by the courts. United States v. Shaw, 309 U.S. 495, 501 (1940). It is perhaps a reflection of this policy of liberality that a claim to recover an illegal exaction made by an administrative official or agency of the Government acting under a power supposedly conferred by a Federal statute is regarded by the courts as a “claim against the United States founded * * * upon * * * [an] Act of Congress,” within the meaning of the quoted language as used in 28 U.S.C. 1491 and the related 28 U.S.C. 1346(a)(2). Clapp v. United States, 127 Ct. Cl. 505, 513 (1954) cert. denied 348 U.S. 834; Eversharp, Inc. v. United States, 129 Ct. Cl. 772, 775 (1954); Gmo. Niehaus & Co., C. por A., et al. v. United States, 139 Ct. Cl. 605, 612 (1957); Carriso, Inc. v. United States, 106 F. 2d 707, 712 (9th Cir., 1939). The plaintiff’s claim in the present case falls within *454 the category just mentioned. The amount that he claims and seeks to recover was illegally collected from him by the Department of the Army acting under a power supposedly conferred by the Articles of War, which comprise Federal legislation enacted by the Congress. Therefore, the plaintiff’s claim clearly meets a jurisdictional standard heretofore regarded by the courts as sufficient to make a claim one “founded * * * upon * * * [an] Act of Congress,” within the meaning of the quoted phrase as used in 28 T7.S.C. 1491.
Furthermore, in being tried, convicted, and fined by courts-martial that had no jurisdiction over him, the plaintiff was deprived of property (i.e., of his money) without due process of law, in violation of the due process clause of the Fifth Amendment to the Constitution. Money comes within the broad concept of property (Tri-Lakes S. S. Co. v. Commissioner, 146 F. 2d 970, 972 (6th Cir., 1945) ; Webster’s New International Dictionary (2d ed., unabridged)); and it is surely one of the requirements of due process that a person shall be tried for a criminal offense only by a court that has jurisdiction over him (Pennoyer v. Neff, 95 U.S. 714, 733 (1877); Deutsch v. Times Pub. Corp oration, 33 F. Supp. 957, 958 (S.D.N.Y., 1940)). Therefore, it seems that the plaintiff’s claim for the recovery of the money that was taken from him by the Government without due process of law may properly be regarded as one “founded * * * upon the Constitution,” for the purposes of 28 U.S.C. 1491.
For the reasons previously indicated, it is my opinion that the court has jurisdiction of the present action, that the defendant’s motion to dismiss for lack of jurisdiction should be denied, and that the plaintiff’s motion for judgment on the pleadings should be granted.
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on January 17, 1964, that judgment for plaintiff be entered for $1,331.01.

 The quoted provision, slightly modified, is now contained in 28 U.S.C. 1346(a)(2) wtih respect to the district courts, and in 28 U.S.C. 1491 with respect to the Court of Claims.