**Donald J. ANGELINI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 70 C 278.**

United States District Court,
N. D. Illinois, E. D.

Oct. 16, 1970.

Anna R. Lavin and Edward J. Calihan, Jr., Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Atty., for defendant.

### MEMORANDUM OPINION

Defendant's Motion to Dismiss

MAROVITZ, District Judge.

Plaintiff has filed a Motion in the nature of a Motion for Writ of Error Coram Nobis seeking to set aside plaintiff's conviction and sentence in United States v. Angelini, 63 CR 506, on the ground that his constitutional privilege against self-incrimination, as set forth in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), were violated in the imposition of that conviction and sentence. Defendant has moved to dismiss asserting that the decisions on which plaintiff relies are not retroactive, that since the imposed pen-

alties have been served the issue is moot, and that alleged resulting civil disabilities may have arisen whether or not plaintiff was convicted in the challenged criminal action.

■ We know of no reason, nor has the Government suggested any, why the cases of *Marchetti* and *Grosso* should not be applied retroactively. United States v. Lucia, 416 F.2d 920 (5th Cir. 1969), aff'd en banc, 423 F.2d 697 (1970). That the penalty imposed in the criminal action has been served does not render the present issue moot as a convicted defendant is entitled to have a fundamentally erroneous judgment vacated even though his sentence has been served. 28 U.S.C. § 1651(a); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); see Holloway v. United States, 393 F.2d 731, 732 (9th Cir. 1968); United States v. Forlano, 319 F.2d 617, 619 (2d Cir. 1963).

■ The third aspect of defendant's motion to dismiss relates to plaintiff's contention that because of his criminal conviction he has suffered certain civil disabilities such as having revoked his state license to conduct insurance business. Whether such a revocation would be possible regardless of the challenged conviction is beside the essential point that plaintiff is entitled to have an improper judgment vacated. Now, the Government contends that the mere existence of a *Marchetti-Grosso* defense would not alter the "proven facts" in the criminal action, implying that the Illinois Director of Insurance could still rely on those "proven facts" to deny plaintiff his license to conduct insurance business. However, the evidence necessary to prove some of these "facts" would, under *Marchetti-Grosso*, be subject to a motion to suppress, possibly rendering them unprovable. Plaintiff may or may not be entitled to an insurance brokerage license in Illinois, but that determination cannot be made using evidence obtained in violation of his Constitutional rights. See Hanon v. United States, 428 F.2d 101 (8th Cir. 1970).

The motion to dismiss is denied.