362 F.Supp. 1177 (1972)
UNITED STATES of America
v.
Charles J. SUMMA.
UNITED STATES of America
v.
John A. DePOLI.
UNITED STATES of America
v.
Paul P. PALKIMAS.
UNITED STATES of America
v.
John MENTO.
UNITED STATES of America
v.
Samuel E. JOHNSON.
UNITED STATES of America
v.
Salvatore LIUZZO.
UNITED STATES of America
v.
Ralph DeNITTO, Sr.
UNITED STATES of America
v.
Ralph DeNITTO, Jr.
UNITED STATES of America
v.
Joseph DeNITTO.
Crim. Nos. 10212, 10814, 10815, 11271, 11274, 11275 and 11304-11306.
United States District Court, D. Connecticut.
December 26, 1972.
*1178 Stewart H. Jones, U. S. Atty., Harold James Pickerstein, Asst. U. S. Atty., Bridgeport, Conn., for plaintiff.
Jacob D. Zeldes, Elaine S. Amendola, Bridgeport, Conn., for Charles J. Summa, John A. DePoli, and Paul P. Palkimas.
Joel E. Kanter, Bridgeport, Conn., for John Mento, Ralph DeNitto, Sr., Ralph DeNitto, Jr., and Joseph DeNitto.
Charles Hanken, Bridgeport, Conn., for Samuel E. Johnson and Salvatore Liuzzo.

*1179 RULING ON CLAIMS FOR REFUND OF FINES
BLUMENFELD, Chief Judge.
Prior to 1968 each of the above named petitioners pled guilty to one count of an indictment or information charging them with violations of 26 U.S.C. §§ 4411, 4412, 7203 (willful failure to register and/or pay special occupational tax). All paid fines and were sentenced to terms of imprisonment within the then established limits. All have since been released. By this action, they seek to vacate their judgments of conviction and have their fines returned to them.
The government treats the petition as presenting two distinct claims. It contends that the power of the court to vacate the criminal judgment of conviction is separate and apart from its power to order the government to reimburse the petitioners in the amount of the fines they paid to satisfy the judgments, and challenges the jurisdiction of the court to entertain the latter claim. The issues thus raised will be separately considered.

I.

Vacation of Judgment
This court's jurisdiction to entertain an application for a writ of error coram nobis, the appropriate motion for the vacation of a criminal judgment under these circumstances, is clear. United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L.Ed. 248 (1954); 28 U.S.C. § 1651(a).
In Marchetti v. United States, 390 U. S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968), the Court determined that the fifth amendment privilege against self-incrimination provided an absolute bar to prosecution for violation of these federal wagering tax statutes. In according the Marchetti-Grosso rule complete retroactivity with respect to convictions under those statutes, United States v. United States Coin & Currency, 401 U.S. 715, 723-724, 91 S.Ct. 1041, 1045, 28 L. Ed.2d 434 (1971), the Court distinguished the more limited scope of retroactivity accorded new evidentiary rules which do not undermine the accuracy of the facts found at trial[1] and concluded:
"Unlike some of our earlier retroactivity decisions, we are not here concerned with the implementation of a procedural rule which does not undermine the basic accuracy of the fact-finding process at trial. Linkletter v. Walker, 381 U.S. 618 [85 S.Ct. 1731, 14 L.Ed.2d 601] (1965); Tehan v. Shott, 382 U.S. 406 [86 S.Ct. 459, 15 L.Ed.2d 453] (1966); Johnson v. New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882] (1966); Stovall v. Denno, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967). Rather, Marchetti and Grosso dealt with the kind of conduct that cannot constitutionally be punished in the first instance."
The prosecution of these petitioners was barred by the fifth amendment, United States v. United States Coin & Currency, supra, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, a fact which under the case law existing at the time they entered their guilty pleas they could not have known. As such, their pleas of guilty could not have been properly informed, or voluntary, see Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968). Their convictions resting on this error of a most fundamental character, see United States v. Keogh, 391 F.2d 138, 148 (2d Cir. 1968), the judgments of conviction should be and hereby are vacated. United States v. Lewis, 342 F.Supp. 833 (E. D.La.1972); Angelini v. United States, 322 F.Supp. 698 (N.D.Ill.1970).
*1180 The government suggests the possibility that these petitioners, not having raised the issue at trial, waived their fifth amendment privilege, the only defense which barred their conviction. Marchetti v. United States, supra, 390 U.S. at 61, 88 S.Ct. 697, 19 L.Ed.2d 889. But waiver of a constitutional right requires ". . . an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), and the failure to raise the fifth amendment privilege in light of the case law controlling at the time these individuals pled guilty, Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955); United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953), cannot rise to the level of a waiver of a known constitutional right. Grosso v. United States, supra, 390 U.S. at 71, 88 S.Ct. 716, 19 L.Ed.2d 906.

II.

Refund of Fines
Despite the fact that consistent application of the principle established by United States v. United States Coin & Currency, supra, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, would call for refund of the fines as an incident of the vacation of the judgments which imposed them, the government argues that, in order to impose an obligation on the government to pay back money as distinguished from one to correct its records, a separate basis of jurisdiction must be found.
The court's jurisdiction to entertain that part of the suit seeking the return of the fines is conferred by the Tucker Act, 28 U.S.C. § 1346(a)(1), United States v. Lewis, supra, 342 F. Supp. 833, and/or 28 U.S.C. § 1346(a) (2);[2] United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825 (1915); United States v. One 1961 Red Chevrolet, 457 F.2d 1353 (5th Cir. 1972); Compagnie General Transatlantique v. United States, 21 F. 2d 465 (S.D.N.Y.1927), aff'd, 26 F.2d 195 (2d Cir. 1928); Mossew v. United States, 266 F. 18 (2d Cir. 1920); United States v. Rothstein, 187 F. 268, 269 (7th Cir. 1911); Jaekel v. United States, 304 F.Supp. 993, 997 (S.D.N.Y. 1969).
The government does not dispute the fact that United States Coin & Currency has granted complete retroactivity to the Marchetti-Grosso rule. And it admits, with commendable candor, that
". . . if any relief at all is available to the defendants in this case with respect to their fines, it is by way of a civil suit under the Tucker Act . . . ."
Nevertheless, it is the government's contention that
". . . absent any specific statutory authority, the refund of criminal fines is not possible (under the Tucker Act.)"
*1181 In support of this position, the government cites cases denying relief on the general theory that no "express or implied contract with the United States" has been established. See, e. g., United States v. Gettinger, 272 U.S. 734, 47 S. Ct. 276, 71 L.Ed. 499 (1927); 28 U.S.C. § 1346(a)(2). Since this court's jurisdiction is not based on that particular alternative ground in 28 U.S.C. § 1346(a)(2) (express or implied contracts), these cases are inapposite.
Moreover, there is an independent line of decisions which have ordered the refund of criminal fines in circumstances analogous to those present here. E. g., United States v. Rothstein, supra, 187 F. 268; Compagnie General Transatlantique v. United States, supra, 21 F. 2d 465. Agreeing with those well-reasoned decisions, I rely upon them and hold that there is nothing in the jurisdictional grant of the Tucker Act which forbids the refund of criminal fines if such refunds fall within the pertinent provisions of that statute in all other respects.
Finally, it is the government's contention on the merits that the appropriate implementation of United States Coin & Currency does not require that fines paid prior to the decisions in Marchetti and Grosso must be returned. The court disagrees.
There is little doubt that equity compels the decision reached in this case.
"While there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary fine. The Fifth Amendment prohibition against the taking of one's property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result, and a citizen has the right to expect as much from his government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution." United States v. Lewis, supra, 342 F.Supp. at 836.
The countervailing burdens which may be placed on the coffers of the government, and/or on the resources of the Justice Department, United States v. United States Coin & Currency, supra, 401 U.S. at 723, 91 S.Ct. 1160, 28 L.Ed. 2d 404, do not require a contrary result where, as in this case, Congress has established this court's jurisdiction to grant the relief herein sought. Cf. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In fact, the Court's opinion in United States Coin & Currency (forfeiture case) compels this precise result:
"From the relevant constitutional standpoint there is no difference between a man who `forfeits' $8,674 because he has used the money in illegal gambling activities and a man who pays a `criminal fine' of $8,674 as a result of the same course of conduct. In both instances, money liability is predicated upon a finding of the owner's wrongful conduct; in both cases the Fifth Amendment applies with equal force." 401 U.S. at 718, 91 S. Ct. at 1043 (citation omitted).
See also, United States v. One 1961 Red Chevrolet, supra, 457 F.2d at 1355.
In view of the government's response admitting all of the material facts and raising only legal issues, there is no reason why this case should not be disposed of by summary judgment. Cf. Fed.R. Civ.P. 12(b)(6). Finding no genuine issue as to any material fact, Fed.R.Civ.P. 56(c), the court finds as a matter of law that the fines paid by the petitioners must be refunded.

III.

Interest
As might be expected, these petitioners seek an award of interest in addition to the return of their fines. *1182 They have variously argued that interest should accrue from the date they pled guilty; the date on which Marchetti and Grosso were decided; or the date United States Coin & Currency accorded Marchetti-Grosso complete retroactivity.
Since jurisdiction to resolve this case exists pursuant to the Tucker Act, 28 U.S.C. § 1346, 28 U.S.C. § 2411(b) controls any award of interest. Cf. Steiner v. Nelson, 309 F.2d 19, 21 (7th Cir. 1962).
"Except as otherwise provided . . . on all final judgments rendered against the United States in actions instituted under section 1346 of this title, interest shall be computed at the rate of 4 per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment." 28 U.S.C. § 2411(b).
Accordingly, interest on the fines paid by these petitioners shall accrue only from the date of this judgment at the rate of 4 per centum per annum.
Settle order on notice.
NOTES
[1] Recognizing this distinction, the government properly does not contend that either the holding or plurality opinion of United States v. Mackey, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971), decided on the same day as United States Coin & Currency, controls this case.
[2] 28 U.S.C. §§ 1346(a)(1) and (2) provide:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."