Andrew **PASHA**, Plaintiff-Appellee,

v.

**UNITED STATES** of America,
Defendant-Appellant.

No. 72–1289.

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 1973.

Decided Aug. 16, 1973.

James R. Thompson, U. S. Atty., William T. Huyck and Ann P. Sheldon, Asst. U. S. Attys., Chicago, Ill., for defendant-appellant.

Raymond J. Smith, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal by the government from a judgment in a coram nobis pro-

ceeding brought by plaintiff Pasha to vacate his earlier conviction; and to recover a fine paid by him and recover the value of his automobile forfeited to the government—both with interest. We affirm, except as to the award of interest.

Pasha was convicted in 1963 under a two count indictment charging that he violated 26 U.S.C. § 7203 by wilfully failing to pay a special occupational gambling tax and by failing to file with the Internal Revenue Service an informational return required by § 7203. He served a one year sentence and paid a $2,000 fine. In 1961 Pasha forfeited his automobile under a district court judgment in a governmental libel suit under 49 U.S.C. § 781 upon the grounds that he had engaged in gambling without paying a special tax and without registering as required by 26 U.S.C. § 7203.

In January, 1968 the Supreme Court decided Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). In both cases the Supreme Court reversed convictions, under somewhat similar taxing statutes, on the ground that Marchetti and Grosso, who asserted their Fifth Amendment privilege against self-incrimination, "may not be criminally" punished for failure to comply with the statutory requirements.

On September 9, 1970 Pasha filed his "Motion in the Nature of a Motion for a Writ of Error Coram Nobis," invoking the Fifth Amendment and 28 U.S.C. § 1651(a), the All Writs Act; and relying upon Marchetti and Grosso, this court's United States v. U. S. Coin and Currency, 393 F.2d 499 (7th Cir. 1968), cert. granted, 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361, affirmed, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), and the decision of the Fifth Circuit in United States v. Lucia, 416 F.2d 920 (5th Cir. 1969).

Instead of answering, the government, on January 18, 1971, moved to stay further proceedings pending a determination of the retroactivity of Marchetti and Grosso. The motion noted that this court had given retroactive effect to those decisions in Zizzo v. United States, 431 F.2d 913, 915 (7th Cir. 1970). The motion was granted. No answer was ever filed, but after continuances on government motions, on October 29, 1971 Pasha moved for entry of an order granting the relief sought.

The district court dismissed the indictment and set aside the conviction, and ordered the clerk of the court to return the fine and to pay Pasha the reasonable market value [1] of his automobile, plus interest on both payments.

The government concedes that coram nobis is the appropriate action for vacating the conviction and sentence that has been served. But it argues that for the purpose of recovering a money judgment against the United States coram nobis is inappropriate and that "[I]f plaintiff has any remedy" it is under the Tucker Act, 28 U.S.C. § 1346(a)(2).

The Tucker Act provides for original jurisdiction in both the district courts and the Court of Claims of, among other civil actions:

Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

---

1. The parties stipulated that value to be $4,600.

In United States v. Rothstein, 187 F. 268, 270 (7th Cir. 1911), a Tucker Act case, this court affirmed the judgment of the district court "sitting as a court of claims." The district court had dismissed an indictment against Rothstein, set aside his conviction and ordered restitution to him of a fine paid by him "voluntarily" following a plea of *nolo contendere* and conviction under an unconstitutinal statute. Justice Holmes, in United States v. Emery, 237 U.S. 28, 32, 35 S.Ct. 499, 59 L.Ed. 825 (1915)—a suit to recover unjustified taxes paid under protest—indicated that the forerunner of § 1346(a)(2) was not to be "construed strictly and read with an adverse eye." The district court there was "sitting as a court of claims" and entered judgment for the taxpayer. The Supreme Court affirmed.

Judge Augustus N. Hand, in Compagnie General Transatlantique v. United States, 21 F.2d 465, 466 (S.D.N.Y.1927), affirmed, 26 F.2d 195 (2d Cir. 1928), extended the *Emery* holding to recovery of a fine in a Tucker Act suit where the suit "reasonably involve[s] the application of a law of Congress."[2] Judge Bonsal of the United States District Court for the Southern District of New York, in deciding for plaintiff in her suit under § 1346(a)(2), Jaekel v. United States, 304 F.Supp. 993, 997 (S.D.N.Y.1969), relied upon *Emery* and *Compagnie*, stating that where " . . . taxes, fines or penalties are unlawfully imposed" suit under § 1346(a)(2) was an appropriate remedy. In United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353, 1358 (5th Cir. 1972), the court vacated "without prejudice" a district court judgment denying motions under Rule 60(b)(4) F.R.Civ.P.

—to dismiss the information, set aside a prior forfeiture and recover money—on the ground that the remedy was improper. The court of appeals agreed with the government's concession that the proper remedy was under the Tucker Act.

Presumably in *Red Chevrolet* the government challenged the proposed remedy in the district court. Here there was no challenge to the coram nobis remedy. We cannot say that the court in *Red Chevrolet* would have vacated a district court judgment in a coram nobis proceeding in view of its decision in United States v. Lucia, 416 F.2d 920 (5th Cir. 1969). True, there the coram nobis was stated by the court as seeking only to vacate and set aside "judgments and sentences." *Lucia* at 922. Although Lucia had been fined $10,000, no reference is made to the fine in the opinion.

After *Red Chevrolet* was decided, a district court in United States v. Lewis, 342 F.Supp. 833, 834 (E.D.La.1972), stated that Lewis "appropriately seeks via the writ of coram nobis" to set aside his conviction and noted that he further sought repayment of his fine. The district court found jurisdiction under the All Writs Act. The court brushed aside the government argument that Lewis should be denied relief because he paid the fine "voluntarily," and ordered vacation of sentence and restitution of the fine paid.

The government does not argue that the district court lacked jurisdiction. Clearly the court had subject matter jurisdiction under the Tucker Act. That Act does not prescribe any particular pleading. In the circumstances of this case we treat the motion as embracing a

2. In United States v. Gettinger, 272 U.S. 734, 47 S.Ct. 276, 71 L.Ed. 499 (1927), the Supreme Court reversed the district court's overruling of a demurrer to a complaint seeking recovery of a fine after the district court had set aside the conviction following its decision that the statute subject of suit was unconstitutional. The Supreme Court, on the only issue before it, held that the district court had no jurisdiction to bind the United States to repay a fine because Gettinger reserved in a *nolo contendere* plea a "right" to recover the fine should the Act subject to indictment be declared unconstitutional.

claim for recovery of the money and value of the car under the Tucker Act. While the government concedes that Pasha's motion is appropriate for restoring his legal position as an innocent citizen, it asserts an interest in prohibiting the economic restitution until he choses the "appropriate" remedy.

We hold that the district court did not err in not remitting Pasha to a separate suit with a different label to gain his economic restitution. We have not hesitated to ignore labels in pleadings when to do otherwise substantial prejudice might have resulted. Where, as here, equitable considerations abound, we sustain the district court's judgment on the ground that having properly taken jurisdiction of the motion to set aside the conviction, the court could also decide to avoid piecemealing the cause of action and save judicial resources by disposing of all issues before it.

It is true that this court in United States v. Campbell, 278 F.2d 916 (7th Cir. 1960), and United States v. Kiger, 315 F.2d 778 (7th Cir. 1963), held, under United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that use of coram nobis is to be narrowly limited. We do not, however, unduly extend the narrow interpretation of coram nobis by deciding that the district court did not err in ordering payment to Pasha of the amount of the fine and the amount of the value of his car.

Had defendants challenged Pasha's motion in the district court, that court would most likely have granted him leave to amend his motion by asserting his claim, for recovery of fine and of proceeds of the forfeiture, under the Tucker Act. We have no disposition to vacate the judgment on the government's belated challenge in this court,

since it failed even to respond to Pasha's motion in the district court.

■ We are not persuaded that the doctrine of sovereign immunity precludes the coram nobis proceeding. Congress has given consent to sue the United States in the Tucker Act and has not required any specific form of pleading for recovery.

■■ We see no merit either in the government's contention, based upon 19 U.S.C. §§ 1613 and 1618, that Pasha is not entitled, under the Tucker Act, to recover the proceeds of the forfeiture sale of his automobile. These sections deal with proceedings before the Secretary of the Treasury regarding proceeds of forfeited property. The sections are wholly inapposite here. The statutes relied upon do not take away the jurisdiction of courts in matters over which they have jurisdiction under the Constitution and the Tucker Act. *See* The Ermis, 33 F.2d 763, 764 (S.D.Fla.1929). We are not persuaded by the government's argument that Pasha should not recover the value of his automobile because it was sold after the forfeiture proceedings.

■ The government contends that the district court erred in awarding interest on the fine and proceeds of the forfeiture sale. Pasha's brief does not directly contest the argument, and we think he has probably conceded the point. In any event, we think the court erred in awarding interest. There is no provision for interest in the Tucker Act. *See* United States v. Tillamooks, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951).

For the reasons given, the judgment is affirmed as to recovery of the principal sums, and is reversed as to the award of interest.