John DeCECCO, Sr., Plaintiff-
Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 73-1197.

United States Court of Appeals,
First Circuit.

Argued Sept. 10, 1973.

Decided Oct. 12, 1973.

Robert L. Gammell, Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for defendant-appellant.

J. Joseph Nugent, Jr., Providence, R. I., with whom Nugent & Nugent, Providence, R. I., was on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal presents the question whether DeCecco, whose criminal conviction has been set aside by writ of error coram nobis, is entitled, incident to the writ, to recover a $1,000 fine that he had paid pursuant to the vacated criminal judgment.

DeCecco was convicted upon his plea of guilty entered September 27, 1965,[1] to two counts of a criminal information. Count 1 charged him with wilfully and knowingly failing to file a return required by the Internal Revenue Code disclosing the gross amount of wagers accepted, and the net amount of wager-

---

1. A conviction for the same offenses had earlier been set aside on grounds not here material. DeCecco v. United States, 338 F. 2d 797 (1st Cir. 1964).

ing excise tax due thereon, in violation of 26 U.S.C. § 7203. Count 2 charged him with wilful failure to pay the special occupational wagering tax as required by 26 U.S.C. § 4411, in violation of 26 U.S.C. § 7203. DeCecco was sentenced under Count 1 to a $1,000 fine and thirty days' imprisonment, and under Count 2 to a year's probation.

After the fine had been paid and the periods of imprisonment and probation served the Supreme Court held that the Fifth Amendment privilege against self-incrimination provided a complete defense against criminal prosecution under the wagering tax statutes. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).[2] In *Grosso, supra,* 390 U.S. at 71, 88 S.Ct. at 715, the Court held that Grosso's failure to claim the privilege was not "an effective waiver of the constitutional privilege": accordingly, his conviction was summarily reversed even on counts as to which he had not initially asserted the claim.[3] Later, in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the Court held that the rule of *Marchetti* and *Grosso* was retroactive: those dealt "with the kind of conduct that cannot constitutionally be punished in the first instance. . . . In the absence of a waiver . . . such persons could not properly be prosecuted at all." *Id.* at 723, 91 S.Ct. at 1046.

DeCecco brought the present coram nobis proceeding in 1972 requesting that the conviction be vacated and the fine be refunded. The petition was treated, aft-er some initial uncertainty, as a civil action separate from the earlier criminal case. A show cause order was issued and served by the Marshal upon the U. S. Attorney. A hearing was held attended by counsel for DeCecco and the United States. The government did not oppose vacating applicant's conviction, but did oppose refund of the fine. The district court issued the writ, setting aside the convictions and ordering restitution of the fine with interest from the date of entry of the judgment.

The government now presents two lines of argument: that the criminal fine is simply not recoverable; and that, in any event, such a money judgment may not be recovered as part of an application for writ of error coram nobis.[4] We agree with the district court that neither position has merit.

The Tucker Act, 28 U.S.C. § 1346, provides authority to order repayment. Pasha v. United States, 484 F.2d 630 (7th Cir. 1973); United States v. Lewis, 478 F.2d 835 (5th Cir. 1973). See also United States v. Summa, 362 F.Supp. 1177 (D.Conn.1972). DeCecco was fined for an internal revenue offense. The fine fits the Tucker Act definition of a "penalty claimed to have been collected without authority . . . under the internal-revenue laws". § 1346(a)(1). The Tucker Act is not to be "construed strictly and read with an adverse eye." United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 32, 35 S.Ct. 499, 500, 59 L.Ed. 825 (1915). DeCecco has paid the penalty in full. *Cf.* Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Quite possibly, although we

---

2. The Court noted that wagering and its ancillary activities were prohibited, with minor exceptions, in every state except Nevada, and were also extensively regulated and prohibited under federal law. Without holding the "wagering tax provisions . . . as such constitutionally impermissible," the Court nonetheless held that those who properly assert the constitutional privilege "may not be criminally punished for failure to comply"—at least absent "different circumstances" where a taxpayer is not confronted "by substantial hazards of self-incrimination". Marchetti v. United States, *supra,* 390 U.S. at 61, 88 S.Ct. at 709.

3. *But cf.* Gaxiola v. United States, 481 F.2d 383 (9th Cir. 1973).

4. There is no dispute that coram nobis (or, more properly, a writ of that nature) is the appropriate remedy for vacating the unconstitutional conviction. *See* United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

need not decide the question, DeCecco might also recover under § 1346(a)(2), which gives the district court jurisdiction over any civil claim of less than $10,000 "founded . . . upon the Constitution". *See* United States v. Rothstein, 187 F. 268 (7th Cir. 1911).

Authorities cited by the government do not bar recovery. United States v. Gettinger, 272 U.S. 734, 47 S.Ct. 276, 71 L.Ed. 499 (1927), construed only that portion of the Tucker Act dealing with "express or implied contract[s] with the United States." § 1346(a)(2). The Court did not discuss the clauses relevant here. *See* United States v. Lewis, 342 F.Supp. 833, 836 (E.D.La.1972), aff'd, 478 F.2d 835 (5th Cir. 1973). Deppe v. Lufkin, 116 F.2d 483 (1st Cir. 1940) and The A/S Glittre v. Dill, 152 F.Supp. 934 (S.D.N.Y.1957), holding that certain fines paid by vessel owners may not be recovered though paid under mistake of law or through faulty procedure, did not involve comparable statutes nor consideration of a fine incident to an unconstitutional and void criminal conviction. And while there is undoubtedly authority that sovereign immunity would prevent recovery absent Congressional consent, we find such consent in the Tucker Act.

■ The government's second contention is that even if DeCecco has a Tucker Act claim, he may not assert it in the coram nobis proceeding. But the Tucker Act requires no particular form of pleading: modern procedure does not encourage undue concern with labels. The government was fully notified of De-Cecco's claim to recover the fine. We would burden the parties and the district court with a second proceeding only were we to perceive unfairness. The government asserts that it will be deprived of the benefits of the statute of limitations and of opportunities for set-off and counterclaim which are expressly provided by the Tucker Act. But the statute has yet to run, and no matters in set-off or counterclaim have been called to our attention. Had the latter existed, they could have been presented adjunct to DeCecco's claim in the coram nobis proceeding.

Affirmed.