GARDEN, JUDGE:
In January of 1971, the claimant, Henry Todd Duvernoy, was indicted by the Grand Jury of Roane County for possession of marijuana. Thereafter, he was tried, convicted and sentenced on March 26, 1971 to an indeterminate term in the West Virginia Penitentiary and fined $1,000.00. The confinement portion of the sentence was suspended and young Duvernoy was placed on probation. For reasons not apparent on the face of the record before us, a motion for a stay of execution was denied by the Circuit Court of Roane County pending an appeal to the Supreme Court of Appeals, and the fine was ordered to be paid.
On November 1, 1971, the Sppreme Court of Appeals -granted a writ of error and supersedeas, but by this time, the claimant, Russell E. Duvernoy, the father of Henry Todd Duvernoy, had paid $775.00 of the fine imposed by the Circuit Court. On April 3, 1973, the Supreme Court of Appeals reversed the conviction and awarded a new trial on the ground that the arresting officer had committed an unlawful search and seizure. State v. Duvernoy, W. Va., 195 S.E. 2d 631, the case was not re-tried. By order of the Circuit Court entered the 4th day of June, 1973, the indictment was dismissed and the portion of the fine that had been paid was directed to be returned.
Thereafter, counsel for the claimant, through correspondence directed to the State Auditor and to the office of Governor Moore, attempted to secure a refund of the $775.00 through administrative means but was advised that there was no statutory vehicle by which the fine could be refunded. With this conclusion, we agree. Code 5-1-17 authorizes the Governor to remit fines but only in instances where the fine has not been paid.
*64 Counsel for claimant has cited several federal decisions where fines paid as a result of invalid convictions were ordered refunded: DeCecco v. United States, 485 F.2d 372 (1st Cir. 1973); United States v. Bluso, 519 F.2d 473 (4th Cir. 1975). These cases both involved convictions under the Wagering Tax Law, 26 U.S.C. §7203. They are distinguishable from the present factual situation in that the Federal Courts relied on the Tucker Act, 28 U.S.C. §1346, which specifically authorizes the refund of a penalty collected without authority under the internal revenue laws.
Although we are aware of no statutory procedure in this State authorizing refund of a paid fine, we are of opinion that we have jurisdiction to effect a refund. Code 14-2-13 authorizes this Court to make awards in claims against the State which the State, as a sovereign commonwealth, should in equity and good conscience pay. This claim in our opinion comes within this jurisdictional framework. Any other result would constitute unjust enrichment to the State.
Award of $775.00.