UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY IN the TOWNSHIP OF CHARLTON, COUNTY OF OTSEGO, STATE OF MICHIGAN, et al., Defendants.

No. 87–CV–10338–BC.

United States District Court, E.D. Michigan, N.D.

May 8, 1991.

**1220**

Janet L. Parker, Asst. U.S. Atty., Bay City, Mich., for plaintiff.

Susan Soper, pro se.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This civil forfeiture case comes before the Court on a motion for return of a Pontiac GTO automobile. The Court must determine the validity of an administrative forfeiture of the vehicle which occurred after this Court had obtained *in rem* jurisdiction under the judicial forfeiture laws.

### I

On November 3, 1987, a federal drug enforcement agent seized the 1965 Pontiac GTO ("GTO") which is the subject of this memorandum opinion.

On November 12, 1987, the government filed a complaint which names the GTO as a defendant. The complaint alleges that the GTO was purchased with proceeds traceable to exchanges for controlled substances and is therefore subject to forfeiture under 21 U.S.C. § 881(a)(6).

On February 22, 1988, Susan Soper filed a claim for the GTO in this Court.

On February 4, 1988, while the above-described judicial forfeiture action was pending, the federal Drug Enforcement Agency ("DEA") sent notice to Michael Gahagan, who was Ms. Soper's live-in boyfriend at the time, that it was pursuing administrative forfeiture proceedings against the vehicle.[1] In addition, the DEA published notice of the administrative forfeiture proceedings for three consecutive weeks in *USA Today*, beginning on February 10, 1988.

Neither Michael Gahagan nor any other person filed a claim in those administrative forfeiture proceedings. On March 31, 1988, the car was declared administratively forfeited and subsequently sold at auction.

On June 10, 1988, the Court granted Ms. Soper's motion to stay these civil forfeiture proceedings pending the disposition of certain claimants' criminal appeals.[2]

On November 3, 1988, Ms. Soper filed a motion for return of the GTO, arguing in her brief that it had been seized in violation of the fourth amendment. On December 8, 1988, the Court denied the motion without prejudice to Ms. Soper's raising the issue after the stay of proceedings had been lifted.

On September 27, 1990, the Court issued an order lifting the stay of proceedings.

On October 23, 1990, the Court issued an order granting claimant Daniel Gahagan's motion to dismiss without prejudice because the government had failed to state facts with sufficient particularity in its complaint. *See* Supplemental Rules for Admiralty and Maritime Claims E(2)(a).

On November 30, 1990, the government filed a First Amended Complaint which dropped the GTO as a defendant in this suit. On December 20, 1990, Ms. Soper renewed her motion for return of the GTO, citing the claim she filed in this Court in February, 1988.[3] By leave of the Court,

---

**1.** The notice stated that "[y]ou may petition the DEA to return the property or your interest in it to you (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in *COURT*" (emphasis in original).

**2.** The same order stayed the proceedings against Michael Gahagan and Daniel Gahagan.

**3.** That motion also addressed other property not within the scope of this opinion.

both the government and Ms. Soper filed supplemental briefs on the issue of remedies.

## II

### A

The Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, Title II, Sec. 511, 84 Stat. 1276 (1970), as amended, provides for the civil forfeiture of property that is either used to facilitate drug transactions or that is acquired as the proceeds of such transactions. 21 U.S.C. § 881(a). The forfeiture of such property, seized in accordance with 21 U.S.C. § 881(b), must be accomplished in one of two ways, by administrative or judicial forfeiture.[4]

Under the customs laws, property valued at up to $100,000 is subject to administrative forfeiture by the seizing agency without judicial involvement. 19 U.S.C. § 1607(a). To initiate administrative forfeiture proceedings, the seizing agency must publish notice of the seizure and of its intent to forfeit the property once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought. Id.; 21 C.F.R. § 1316.75. In addition, the agency must give personal written notice of the seizure and information on applicable procedures to any party who appears to have an interest in the seized property. 19 U.S.C. § 1607(a).

■ To initiate judicial forfeiture proceedings, the government need only seize the property in accordance with section 881(b) and then file a complaint in the judicial district where the property is located. See In the Matter of Ninety–One Thousand Dollars, 715 F.Supp. 423, 431 (D.R.I.1989). Judicial forfeiture is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. See United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1545 n. 13 (11th Cir. 1987).

### B

■ It is the opinion of the Court that the government may not initiate judicial forfeiture proceedings against property worth less than $100,000 and then begin administrative forfeiture proceedings against the same property. The government must elect between one of the two proceedings.

There are at least two reasons for requiring such an election. First, claimants should not have to defend their property interests on two fronts. The judicial forfeiture rules are a procedural morass. See generally id. The judicial forfeiture procedure tests the limits of due process. See id. at 1540 n. 1. Where else in the law must an innocent party carry the burden of proving his innocence? See United States v. One 1983 Pontiac Gran Prix, 604 F.Supp. 893, 896–97 (E.D.Mich.1985). Given the complexity and demands of the judicial forfeiture system, claimants should not be expected simultaneously to defend their interests in administrative proceedings.[5]

Second, once the government has seized property and filed a judicial forfeiture complaint against it, the Court obtains in rem jurisdiction over the res. See 28 U.S.C. § 1395(b). This jurisdiction does not evaporate once the government decides to pursue administrative action. The government must obtain leave of court if it would dispose of property within the jurisdiction of the court pursuant to the civil forfeiture laws. Cf. United States v. One 1974 Cessna Model 310R Aircraft, 432 F.Supp. 364, 369 (D.S.C.1977) (Attorney General may take steps to insure security of property,

---

4. Property valued at more than $100,000 must be judicially forfeited. 19 U.S.C. §§ 1607, 1610.

5. The confusion that arises from simultaneous judicial and administrative proceedings is illustrated by this case. Ms. Soper filed a claim in this Court, but it went unnoticed in the administrative proceedings. She also never received notice of the administrative forfeiture proceedings, even though the government acknowledged, in an affidavit filed in this Court on November 12, 1987, that Ms. Soper held title to the vehicle. See Affidavit of Michael Vetter at 14.

but "may not create or defeat jurisdiction of the district court by his actions").

■ The government's election to proceed with judicial forfeiture is binding. The Court's *in rem* jurisdiction attached to the vehicle after it was seized and the complaint was filed on November 12, 1987. The subsequent administrative forfeiture proceedings, begun on February 4, 1988, were void *ab initio* because they were accomplished without leave of court.[6]

Even if the administrative forfeiture were not void for the reasons stated above, the Court concludes that Ms. Soper has raised a factual issue concerning whether the forfeiture should not also be set aside for failure to serve her with written notice. Under 19 U.S.C. § 1607(a)(3) "each party who appears to have an interest in the seized article" must be given written notice of the administrative forfeiture proceedings. Ms. Soper contends that the government failed to comply with this requirement because she held title to the vehicle at the time of the seizure and the government did not serve her with written notice of the administrative forfeiture proceedings. The government responds that Ms. Soper was only holding title for Michael Gahagan, the true owner of the car and that he *was* given notice of the administrative forfeiture proceedings. The Court need not resolve this factual dispute today in light of the holding above.

The issue of ownership, however, is still very much a part of this proceeding. The Court's determination that the administrative forfeiture of the vehicle is void does not end this matter. In order to recover for the value of the automobile, Ms. Soper must demonstrate that she had a property interest in the vehicle and that it had a certain value.

■ Because the vehicle has been sold, Ms. Soper's remedy is to sue for money damages under the Tucker Act, 28 U.S.C. § 1346(a)(2).[7] Section 1346(a)(2) vests in the federal district court any civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress. This includes a suit to recover the value of an automobile seized and forfeited without adequate notice to the owner, depriving her of property without due process of law. *United States v. One 1965 Chevrolet Impala Convertible*, 475 F.2d 882, 885 (6th Cir.1973) (citing *Jaekel v. United States*, 304 F.Supp. 993 (S.D.N.Y.1969); *Wiren v. Eide*, 542 F.2d 757, 760 (9th Cir.1976).

■ Generally, a person suing for money damages under the Tucker Act must file a complaint. *See United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir.1972). The District Court may receive a motion under section 1346(a)(2), however, when the forfeiture action is already before the Court and filing a new complaint would place an "unreasonable burden" on the claimant and the court system. *One 1965 Chevrolet Impala Convertible*, 475 F.2d at 886 n. 2.

■ Ms. Soper has met the requirements of this exception to the general rule. This civil forfeiture action has been pending in this Court for four years. The facts are somewhat complicated, but the Court is now in a position to resolve the instant dispute. Ms. Soper should not be required to pay the costs of initiating a new lawsuit

---

**6.** The Court here is no longer concerned with whether the government could have eventually had a judicial forfeiture of the vehicle. When the government amended its complaint and dropped the GTO as a defendant, it abandoned its judicial forfeiture action. Consequently, the Court is only concerned with the validity of the administrative forfeiture of the vehicle. The validity of the administrative forfeiture, however, is directly related to the government's initial decision to pursue a judicial forfeiture action.

**7.** The Court rejects the government's suggestion that the proper remedy is under 19 U.S.C.

§ 1613(a) (remission of administrative forfeiture and restoration of proceeds). That section would provide a remedy if the government had never instituted a judicial forfeiture action. Section 1613 "deal[s] with proceedings before the Secretary of the Treasury regarding proceeds of forfeited property." *Pasha v. United States*, 484 F.2d 630, 633 (7th Cir.1973). Section 1613, however, "do[es] not take away the jurisdiction of courts in matters over which they have jurisdiction under the Constitution and the Tucker Act." *Id.*

at this late stage. She filed a claim for the GTO in this lawsuit in February, 1988. At that time, she had a right to expect that her claim would be resolved in this action and that she would not have to initiate a new action.

By a separate order, the Court will grant Ms. Soper leave to file an amended motion for return of the GTO. The motion shall be filed within thirty (30) days of the date of this memorandum opinion and it must state at least three things: that the court has jurisdiction under the Tucker Act, that Ms. Soper asserts that she had a bona fide property interest in the vehicle and was not merely a constructive owner for another person, and that she is entitled to a *specific* amount of damages. The questions of ownership and valuation are factual in nature and will be resolved in due course.

Failure to file an amended motion within the time period specified will result in a denial of the present motion for return of property and a dismissal of Ms. Soper's claim in this lawsuit.